ELECTRONICALLY FILED
2026 May 19 11:17 AM - 26CV-85184
Rutherford County Circuit Court

EXHIBIT A

## IN THE CIRCUIT COURT AT RUTHERFORD COUNTY,
### STATE OF TENNESSEE

| | | |
|---|---|---|
| **SHARIKA CHANEY, as Personal Representative and Next Friend of IBRAHEEM HULL, deceased,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **DOCKET NO.** |
| **CSX TRANSPORTATION, INC.,** | ) ) | **JURY DEMANDED** |
| **Defendant.** | ) ) ) ) | |

## COMPLAINT

Plaintiff, Sharika Chaney, as Personal Representative and Next Friend of Ibraheem Hull, brings this action against Defendant CSX Transportation, Inc. ("CSX") for wrongful death and negligence, stating as follows:

### JURISDICTION

1. The Decedent, Ibraheem Hull, was a resident of Murfreesboro, Tennessee, at the time of the events described herein.

2. Plaintiff Sharika Chaney brings this action on behalf of the Decedent, Ibraheem Hull, for the benefit of his next of kin pursuant to Tenn. Code Ann. § 20-5-106.

3. Defendant CSX Transportation, Inc. is a foreign corporation doing business in the State of Tennessee and may be served via its registered agent: CT Corporation System, 300 Montvue Rd., Knoxville, TN 37919-5546.

4. The incident occurred in Murfreesboro, Rutherford County, Tennessee. The 19-year-old man was hit on the railroad tracks at West Main Street and Overall Street on May 23, 2025 around 1:32 p.m. Accordingly, jurisdiction and venue are proper in this Court.

**FACTS**

5. On or about May 23, 2025, Ibraheem Hull was traveling to work via bicycle.

6. The intersection where Mr. Hull was traveling to work was blocked by an unattended train on tracks owned and operated by Defendant CSX. This was a common occurrence for CSX's unattended trains to block traffic.

7. Hull was only able to cross the train tracks by climbing through the box cars of the stopped CSX train and toss his bicycle onto the CSX tracks. When he reached down to pick up his bicycle, without sufficient warning, another CSX train entered the intersection traveling at a very high rate of speed in the opposite direction.

8. Defendant CSX had a pattern of leaving unattended train cars blocking this intersection for extended periods of time.

9. CSX had knowledge, actual or constructive, that its unattended trains created a dangerous condition.

10. Despite knowledge that its negligence was endangering the public, Defendant CSX failed to remedy the problem. CSX further failed to provide adequate warning or alternative passage for members of the public across the blocked public path. CSX's negligence forced members of the public to cross the unattended railroad cars.

11. It was reasonably foreseeable to Defendant CSX that leaving unattended trains would force pedestrians and traffic to cross the railroad tracks through an unattended train to reach the other side.

12. On the date in question, Mr. Hull entered an unattended, empty car to cross the tracks. Mr. Hull was killed.

13. After placing his bicycle on the opposite side and attempting to exit the car, Hull was struck by a second train operating on an adjacent track. He was killed by the impact.

## NEGLIGENCE AND WRONGFUL DEATH

14. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

15. Defendant CSX owed a duty of reasonable care to the public to maintain its tracks and operate its trains in a manner that did not create unnecessarily dangerous conditions or obstructions to established public thoroughfares.

16. Defendant CSX breached this duty by:

   a. Negligently parking and leaving train cars unattended for an unreasonable duration across a high-traffic crossing;

   b. Creating a foreseeable hazard that forced pedestrians into a zone of danger;

   c. Failing to heed prior warnings and complaints from the community regarding the specific danger of this practice at this location; and

   d. Failing to provide adequate warnings or alternative passage for members of the public across a blocked public path.

17. The negligence of Defendant CSX was the proximate cause of the death of Ibraheem Hull.

18. As a direct result of Defendant's negligence, the Decedent suffered fatal injuries, and his next of kin have suffered the loss of his life, earning capacity, and the pecuniary value of his life under Tenn. Code Ann. § 20-5-113.

## PUNITIVE DAMAGES

19. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

20. The actions of Defendant CSX were carried out with a conscious and reckless disregard for the safety of the public.

21. Despite having actual knowledge through public complaints and the proximity of the Greenway that its conduct would likely result in serious injury or death, Defendant CSX continued its practice of obstructing the crossing.

22. Such conduct constitutes gross negligence and warrants the imposition of punitive damages to punish Defendant and deter similar conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

(a) That proper process be issued upon the Defendant and that the Defendant be required to answer this Complaint within the time period allotted by law.

(b) That this Court enter an Order granting Plaintiff a judgment against the Defendant for compensatory damages in the amount of Five Million Dollars ($5,000,000.00).

(c) Plaintiff further requests that punitive damages be assessed against Defendant in a fair and reasonable amount to punish and deter such future conduct. Plaintiff seeks punitive damages in an amount to exceed One Million Five Hundred Thousand Dollars ($1,500,000.00).

(d) That this Court enter an Order granting Plaintiff a judgment for damages, costs, attorney's fees and expert fees and such other and further relief as the Court deems just and equitable.

(e) That Plaintiff be granted a trial by jury on all issues.

(f) That this Court enter an Order granting Plaintiff pre and post-judgment interest along with attorney fees and costs as allowed by law.

(g) For such other, further, special, extraordinary and general relief to which the Plaintiff is entitled under the circumstances of this cause.

Dated the 19th of May 2026,

Respectfully submitted,

Joseph C. Johnsen, BPR 025484
Minner Vines Injury Lawyers, PLLC
49 Music Square West, Suite 504
Nashville, TN 37203
Tel: (615) 676-7069
joseph@mvmlaw.com